**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

**PAULINE NASH,** **PLAINTIFF,**

**VS.** **CIVIL ACTION NO. 4:08CV107-P-S**

**KEITH RUSSELL;**
**RICHARD LINDLEY;**
**ROSE CREEK FUNDING, INC.;**
**SAXON MORTGAGE, INC.;**
**SAXON MORTGAGE SERVICES, INC.;**
**DEUTSCHE BANK TRUST CORPORATION d/b/a**
**DEUTSCHE BANK TRUST COMPANY AMERICAS;**
**HARTFORD FIRE INSURANCE COMPANY; and**
**TRAVELERS CASUALTY AND SURETY CO. OF**
**AMERICA,** **DEFENDANTS.**

## FINAL JUDGMENT

These matters come before the court upon the defendants' July 14, 2009 and September 25, 2009 motions for summary judgment [Docket numbers 78 and 115 respectively]. After due consideration of the motions and the responses filed thereto, the court finds as follows, to-wit:

For the reasons discussed below, the court concludes that the plaintiff's federal claims should be dismissed as barred under the applicable statute of limitations periods.

The salient facts to the issue of the statute of limitations are outlined below.

On December 8, 2004 the plaintiff closed on a home-renovation loan on with Saxon Mortgage, Inc. The plaintiff alleges that the closing attorney, Richard Lindley, forwarded the check for $19,862.68 to the contractor, Keith Russell, instead of giving it to the plaintiff. The plaintiff avers further that Russell forged the plaintiff's name to endorse the check, never completed the home repairs he had agreed to do, nor did he reimburse the plaintiff any of the residual proceeds from the

home-loan check.

As early as June 3, 2005 plaintiff's then and current counsel sent a request to Saxon on behalf of the plaintiff for copies of the plaintiff's loan documents. On June 28, 2005 the plaintiff's lawyer sent another letter to Saxon wherein he stated that "there has been substantial foul play or fraud with respect to this loan." A month later on July 26, 2005 he sent another letter to Saxon on the plaintiff's behalf wherein he stated:

> I advise you on behalf of Ms. Nash that it is her position that the loan in question was made through misrepresentation and fraud and that she is not responsible for payment of this loan. ... [I]t is the position of Pauline Nash that she is the victim of a civil fraud and/or conspiracy; she also may be a victim of unlawful conduct with respect to the manner in which the loan was processed, closed and disbursed.

Exhibit 8 to Defendant's Motion for Summary Judgment [Docket Number 115].

Ultimately, Saxon foreclosed on the plaintiff's home on August 14, 2007.

The plaintiff filed her original complaint on August 11, 2008 naming the following defendants: Keith Russell, the contractor; Richard A. Lindley, the closing attorney; Saxon Mortgage, Inc., the mortgage company; Saxon Mortgage Services, Inc., the mortgage servicer; Rose Creek Funding, an agent of Saxon; and Deutsche Bank Trust Corporation, the assignee of the loan.

On August 24, 2009 the plaintiff filed an Amended Complaint adding Hartford Fire Insurance Company, who issued a surety $25,000 bond to Rose Creek, and Travelers Casualty and Insurance Company of America, who issued a $150,000.00 surety bond to Saxon.

The Amended Complaint levies federal claims for violations of the Truth in Lending Act, 15 U.S.C. §1601 *et seq.*, the Real Estate Settlement Procedures Act, 12 U.S.C. §2601; and the Home Ownership and Equity Protection Act, Regulation Z, 12 C.F.R. 226.32. The plaintiff also asserts several State-law claims: fraudulent misrepresentation, conspiracy, fraud, breach of contract,

intentional infliction of emotional distress, and wrongful foreclosure.

On July 14, 2009 Richard Lindley filed a motion for summary judgment, joined by Rose Creek and Hartford. On September 25, 2009 Saxon, Deutsche Bank, and Travelers filed a motion for summary judgment in which Rose Creek and Hartford also joined. Essentially, the defendants argue that all of the plaintiff's federal and state claims should be dismissed as untimely since the applicable statute of limitations periods have run.

It is undisputed that the statute of limitations periods for the plaintiff's federal claims are either one or three years from the occurrence of the violation, depending on the particular claim. Similar to its State counterpart, "[u]nder federal law, a cause of action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Gartrell v. Gaylor*, 981 F.2d 254, 257 (5ᵗʰ Cir. 1993). Given the June 28, 2005 and July 26, 2005 letters sent to Saxon by the plaintiff's attorney quoted above, it is clear that the plaintiff knew or had reason to know that she had one or more federal claims against the defendants no later than June 28, 2005. She did not file her original complaint until August 11, 2008 – well over the one- and three-year statute of limitations periods applicable to the plaintiff's federal claims.

The plaintiff's arguments that the doctrines of equitable tolling or equitable estoppel should be used to toll the limitations period because she was of limited mental capacity and/or because the plaintiff was unable to acquire enough documents to get a full picture of her claims until she filed suit are unavailing. First, even if the plaintiff were of unsound mind at the December 2004 closing, the fact remains that she employed counsel who determined for her that she had potential claims – and her lawyer, on her behalf, made that determination over three years before she filed her complaint, as evidenced by his letters of June 28, 2005 and July 26, 2005. Second, it is undisputed

that the plaintiff's counsel received enough documentation from Saxon, before she filed suit, to lead

him to believe there were potential claims over three years before she filed her complaint. If it were

the rule that the statute of limitations period should be tolled until one acquired comprehensive

discovery *after* filing a lawsuit, then the limitations period rule would be obliterated.

Accordingly, the court concludes that the applicable statute of limitations periods for the

plaintiff's federal claims ran before she filed her suit. Thus, those claims are time-barred and should

be dismissed with prejudice. However, since it will dismiss all of the federal claims, the court

declines to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c)(3) over the remaining

State-law claims and will dismiss those claims without prejudice.

**IT IS THEREFORE ORDERED AND ADJUDGED** that:

(1) The defendants' July 14, 2009 and September 25, 2009 motions for summary judgment

[78 and 115 respectively] are **GRANTED IN PART AND DENIED IN PART**; specifically,

(2) The motions are granted insofar as they seek dismissal of the plaintiff's federal claims

as being time-barred under the applicable statute of limitations period; therefore,

(3) The plaintiff's federal claims are **DISMISSED WITH PREJUDICE**;

(4) The motions are denied insofar as they seek dismissal of the plaintiff's State-law claims

because the court has dismissed all federal claims and declines to exercise supplemental jurisdiction

pursuant to 28 U.S.C. § 1367(c)(3); therefore,

(5) The plaintiff's claims made pursuant to Mississippi law, such as fraud, fraudulent

misrepresentation, conspiracy, breach of contract, intentional infliction of emotional distress, and

wrongful foreclosure, are **DISMISSED WITHOUT PREJUDICE**; however,

(6) The statute of limitations period for the plaintiff's State-law claims are hereby **TOLLED**

for a period of 90 days to allow adequate time to reassert those claims in State court; and

(7) This case is **CLOSED** with the parties to bear their own costs.

**SO ORDERED** this the 29th day of March, A.D., 2010.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE
